IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 DEC 29  P 1: 48

CLERK'S OFFICE
AT GREENBELT
BY _____ DEPUTY

PULTE HOME CORPORATION, *et al.*      *

    Plaintiffs,      *

v.      *      Case No.: GJH-14-3955

MONTGOMERY COUNTY, MARYLAND, *
*et al.*

    *

    Defendants.      *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### MEMORANDUM OPINION

On July 17, 2015, the Court issued a Memorandum Opinion and accompanying Order ("Denial Order") denying Pulte Home Corporation and Shiloh Farm Investments, LLC's (collectively, "Pulte") Motion to Remand to State Court and Maryland-National Capital Park and Planning Commission's (the "Commission") Motion to Dismiss. ECF No. 33. The Commission now asks the Court to reconsider its denial of the Motion to Dismiss. ECF No. 36. A hearing on this motion is unnecessary. *See* Loc. R. 105.6 (Md.). For the reasons that follow, the Commission's Motion for Reconsideration is DENIED.[1]

The Federal Rules of Civil Procedure do not explicitly provide for a motion for reconsideration. Courts considering such requests have noted that it is "improper to use such a motion to 'ask the Court to rethink what the Court had already thought through – rightly or wrongly." *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001). Nonetheless, "courts have distilled various grounds for reconsideration of prior rulings into three major grounds justifying

---

[1] The factual background of this litigation is discussed in the Denial Order at pages 1-5 and is incorporated herein by reference. ECF No. 33.

reconsideration: (1) an intervening change in controlling law; (2) the availability of new

evidence or an expanded factual record and (3) [the] need to correct a clear error or prevent

manifest injustice." *Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D.

Ca. 1986), *rev'd on other grounds,* 828 F.2d 514 (9th Cir. 1987).

In *Cargyle Brown Solomon v. Dawson*, PWG-13-1953, 2013 U.S. Dist LEXIS 125148

(D. Md. September 3, 2013), Judge Grimm explained why motions to reconsider are best limited

to those relatively rare occurrences. His words have relevance here:

> When parties file a motion with the court, they are obligated to ensure it is complete with
> respect to facts, law and advocacy. Once a court has issued its ruling, unless one of the
> specific grounds noted above can be shown, that should end the matter, at least until
> appeal. . . . Hindsight being perfect, any lawyer can construct a new argument to support
> a position previously rejected by the court, especially once the court has spelled out its
> reasoning in an order. It is hard to imagine a less efficient means to expedite the
> resolution of cases than to allow the parties unlimited opportunities to seek the same
> relief simply by conjuring up a new reason to ask for it.

*Id.* at *4-5.

The driving force behind the Commission's request for reconsideration is their argument

that while the Court analyzed whether the injury alleged by Plaintiffs was "fairly traceable" to

the alleged actions of the Commission for the purpose of determining standing, the proper

analysis would have been for the Court to evaluate the claim under the standard of proximate

causation. ECF No. 36 at 2.  While that position is clearly stated in the Motion for

Reconsideration, the phrase "*proximate* cause" did not make its first appearance in the original

Motion to Dismiss until the 20th page of the 22 page motion.  Thus, in the Denial Order, the

Court noted that while the general thrust of the Commission's argument was clear -- that the

Commission's lack of authority should absolve it from liability -- the Court had been placed in

the position of having to determine the Commission's precise legal theory. Specifically, the

Court stated that "[i]n its motion, the Commission argues that Pulte's complaint must be

dismissed because the Commission did not have the 'legal authority to zone, rezone, upzone or downzone property in Montgomery County' and therefore could not have caused Pulte's injuries . . . Thus, although not explicitly argued as such, the thrust of the Commission's motion to dismiss is that Pulte lacks standing to sue the Commission." ECF No. 33 at 8 (internal citations omitted). In hanging the Commission's generalized arguments on that specific legal hook, the Court noted the requirement for Article III standing, specifically that: 1) the plaintiff suffered an "injury in fact" that is concrete and particularized, and is actual or imminent; 2) *the injury is fairly traceable to the challenged action of the defendant;* and 3) the injury likely will be redressed by a favorable decision. ECF No. 33 at 8-9 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Court found that sufficient facts had been pled to establish standing.[2]

While the Court recognizes that it did not fully appreciate the Commission's legal theory, the outcome remains the same now. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of the complaint if it "fails to state a claim upon which relief can be granted." This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of

---

[2] In addition to its argument that the Court failed to analyze Plaintiffs' Complaint under the proximate causation standard, the Commission also argues, in effect, that it should now be fully heard on the standing issue. ECF No. 36 at 6-9. Whether the Commission did or did not intend to argue standing in its original Motion, the Court squarely addressed that issue. To revisit that issue now, or address other new arguments raised for the first time in the Motion to Reconsideration, would lead to the exact inefficiency Judge Grimm warned of in *Cargyle Brown Solomon.* 2013 U.S. Dist LEXIS 125148 at *4-5.

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

Plaintiffs have alleged facts that allow the Court to draw the reasonable inference that the

Commission's actions were a proximate cause of their injury. Specifically, as noted in the Denial

Order, Pulte alleges that:

> [i]t was the Commission who retained and oversaw the work of the consultants whose
> allegedly flawed reports were used by it and the County to justify their planning, zoning,
> and regulatory decisions impacting the Development Land. *See* ECF No. 2 at ¶¶ 37, 45.
> These reports, according to Pulte, were conducted at a "'planning level' of detail
> (ignoring the actual ground), used mistaken assumptions with respect to development
> properties in the area, and grossly underestimated peak flows and volumes in the
> watershed." ECF No. 30 at 11 (citing ECF No. at 2 at ¶¶ 43, 48-49, 53, 60). Pulte
> contends that the Commission made no attempt to calibrate or verify the data from
> similar watersheds. *See id.* at ¶¶ 48, 53. Additionally, Pulte alleges that the Commission's
> consultants also failed to consider the appropriate water quality management techniques
> into their modeling, in violation of state and county law and inconsistent with industry
> standards. *See id.* at ¶¶ 41, 53, 57.

ECF No. 33 at 11. Given these allegations and in light of the Commission's role in land

development plans, *see* ECF No. 33 at 9-11, the Court finds that Plaintiff has sufficiently

alleged that the Commission's actions were a proximate cause of Plaintiffs' injury.

Accordingly, it is, this 29th day of December 2015, by the United States District

Court for the District of Maryland, hereby ORDERED that Defendant's Motion for

Reconsideration (ECF No. 36) is DENIED.

GEORGE J. HAZEL
United States District Judge