# EXHIBIT C




1200 Nineteenth Street, NW
Suite 500
Washington, DC 20036

Telephone: (202) 467-6900
Fax: (202) 467-6910
www.wcsr.com

Louis J. Rouleau
Direct Dial: 202-857-4558
Direct Fax: 202-261-0023
E-mail: LRouleau@wcsr.com

June 13, 2016

**VIA HAND DELIVERY**

Sierra Club Montgomery County Group
c/o Registered Agent National Registered Agents, Inc. of Md.
351 W. Camden Street
Baltimore, MD 21201

**Re:** ***Pulte Home Corporation, et al. v. Montgomery County, Maryland, et al.,***
**United States District Court, District of Maryland,**
**Case No. 8:14-cv-03955-GJH**

Dear Records Custodian:

This law firm represents Plaintiffs Pulte Home Corporation and Shiloh Farm Investments LLC (collectively, "Pulte" or "Plaintiffs") in the above referenced lawsuit brought against Defendants Montgomery County (the "County") and the Maryland-National Capital Park and Planning Commission (the "Commission"). The lawsuit concerns, among other things, Pulte's development plans for certain property located in and around the Clarksburg/Ten Mile Creek Watershed area in Montgomery County, and the County's 2014 Amendment to the 1994 Clarksburg Master Plan, resulting in the downzoning of Pulte's property. We understand that you may possess documents relevant to the lawsuit. Accordingly, we have served upon you a subpoena *duces tecum* for certain documents relating to the dispute.

If it would be more convenient for you, you may send copies of documents responsive to the subpoena directly to me at the above-referenced address in advance and in lieu of producing the documents at the place, date and time indicated on the subpoena. Please direct any questions you may have regarding the subpoena to me.

Sincerely,

Louis J. Rouleau

cc: Counsel of Record, via email and U.S. Mail

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

Pulte Home Corporation, et al.,
*Plaintiff*
v.
Montgomery County, Maryland, et al.,
*Defendant*

Civil Action No. 8:14-cv-03955-GJH

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Sierra Club Montgomery County Group
c/o Registered Agent National Registered Agents, Inc. of Md., 351 W. Camden Street, Baltimore, MD 21201

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Womble Carlyle Sandridge & Rice, LLP, 1200 19th St., NW, Suite 500, Washington, DC 20036 | Date and Time: 07/01/2016 9:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/13/2016

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Pulte Home Corporation, who issues or requests this subpoena, are:
Deborah J. Israel, WCSR, 1200 19th St., NW, Suite 500, Washington, DC 20036, disrael@wcsr.com, 202-857-4466

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:14-cv-03955-GJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## Definitions

As used herein, the term "1994 Clarksburg Master Plan" means the comprehensive zoning plan approved by the County Council, sitting as the District Council, by Resolution No. 12-1632 on May 23, 1994. The 1994 Clarksburg Master Plan was adopted by the Commission by Resolution No. 94-10 on June 15, 1994.

As used herein, the term "2014 Master Plan Amendment" means the Limited Amendment to the 1994 Clarksburg Master Plan that was approved by the County Council, sitting as the District Council, by Resolution No. 17-1048 on April 1, 2014, and corrected by the District Council by Resolution No. 17-1167 on July 31, 2014, adopted by the Maryland-National Capital Park and Planning Commission by Resolution No. 14-13 and readopted by the Maryland-National Capital Park and Planning Commission by Resolution No. 14-27.

As used herein, the term "Commission" shall mean the Maryland-National Capital Park and Planning Commission, including its current staff, former staff, and component parts, which includes, but is not limited to, the Montgomery County Planning Board. The term also includes any Commission agent, actual or apparent, acting within the scope of his or her agency at any relevant time.

As used herein, the term "Communication" means the transmittal of information by any means.

As used herein, the term "Concerning" means relating to, referring to, describing, evidencing, or constituting.

As used herein, the term "Consultants" shall mean any third party hired, retained, or otherwise engaged to create, compile, and submit reports, analyses, opinions, recommendations, or any other documents relating to contemplated or planned development of the area in and around the Ten Mile Creek Watershed, including, but not limited to, Pulte's planned development in and around the Ten Mile Creek Watershed. The term includes but is not limited to any consulting Person's representatives, agents, servants, counsel, employees, investigators, or consultants.

As used herein, the term "County" shall mean Montgomery County, Maryland, including its current staff, former staff, and component departments and parts, which includes, but is not limited to, the Department of Environmental Protection ("DEP"), the Department of Permitting Services ("DPS"), the County Council's Planning, Housing, and Economic Development Committee ("PHED"), and/or the County Council's Transportation, Infrastructure, Energy, and Environment Committee ("TIEE"). The term also includes any Montgomery County agent, actual or apparent, acting within the scope of his or her agency at any relevant time.

As used herein, the term "County Council" shall mean current and former members of the County Council of Montgomery County, including their staff members. The County

Council, when acting within the capacity of its planning and zoning authority, sits as the District Council for the Montgomery County Portion of the Maryland-Washington Regional District under the State of Maryland's Land Use Article.

As used herein, the term "Document" shall mean all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, the following items, whether written, electronically-stored, recorded or graphic matter, however produced or reproduced, and whether original, copies, or drafts thereof: correspondence, telegrams, telecopies, facsimiles, memoranda, reports, notes, receipts, summaries, notices, labels, minutes, logs, calendar notes, contracts, schedules, agreements, books, records, vouchers, diaries, checks, computer print-outs, summaries or records of telephone conversations, photographs, brochures, pamphlets, advertisements, circulars, information stored in any data storage medium (including tapes, disks and computer hard drives), data processing or word processing system (in whatever form), electronic mail (e-mail) (including archived or backup copies), press clippings, newspapers or newsletters, sworn or unsworn statements, lists, affidavits, court papers, appointment books, written reports or opinions of investigators or experts, questionnaires, illustrations, worksheets, information and investigation requests, and tape recordings. Any document bearing on any sheet, or side thereof, any marks (including, without limitation, initials, stamp indicia, comments, or notations of any character) and not a part of the original text, or any reproduction thereof, is to be considered a separate document. If any document must be decoded, deciphered, unencrypted or converted in order to make the document understandable or comprehensible, any such programming, information code, cipher, conversion utility or data programming material should be considered to be part of the document.

As used herein, the term "Egan Property" means the Egan/Mattlyn Enterprises, LLC property located in Clarksburg, Maryland, east of I-270 and west of MD 355 (North Frederick Road). The property's northern boundary is located near the Clarksburg Seventh-day Adventist Church on Comus Road. The property's southern boundary is located near the Miles-Coppola Property. The northernmost headwaters tributary of the Ten Mile Creek runs through the approximately 100-acre property.

As used herein, the term "Environmental Site Design" means the comprehensive design strategy for maintaining predevelopment runoff characteristics and protecting natural resources that relies on integrating site design, natural hydrology, and smaller controls to capture and treat runoff. In 2007, the State of Maryland enacted changes to its Stormwater Management Law by requiring that developers use Environmental Site Design in developing property. *See* Stormwater Management Act, Md. Code § 4-201-215 (2007). In 2008, Montgomery County similarly amended its regulations to require various Environmental Site Design practices, measures, and techniques from developers. *See* COMCOR 19.00.01 (2014).

As used herein, the term "Historic District" means Clarksburg, Maryland's Historic District. The majority of Clarksburg's Historic District lies within the Ten Mile Creek Watershed and straddles MD 355 from its intersection with Stringtown Road to west of its intersection with Clarksburg Road.

As used herein, the term "ICM" means impervious cover model, a theory that attempts to correlate the average percentages of impervious cover to stream water quality and postulates a negative correlation between the percentage of impervious cover and watershed quality.

As used herein, the term "Including" means "including but not limited to."

As used herein, the term "Joint Committee Work Sessions" means the work sessions held by the County Council's PHED and TIEE committees to assist in drafting a proposed amendment to the 1994 Clarksburg Master Plan. Some working sessions took place on January 13, 17, 24, 27, 29, and February 4, and 11, 2014.

As used herein, the term "JV" refers to Biohabitats, Inc., Brown and Caldwell, Inc., and, at times, the Center for Watershed Protection, which were hired by the Commission to jointly provide opinions, recommendations and reports related to actual or proposed amendments to the 1994 Clarksburg Master Plan and development in or around the Ten Mile Creek Watershed.

As used herein, the term "Miles-Coppola Property" means the property in Clarksburg, Maryland that is located east of I-270 and west of MD 355 (North Frederick Road). The northern boundary of the property generally abuts the Egan Property. The southern boundary of the property generally runs along Clarksburg Road.

As used herein, the term "Person" is defined as any natural person or any business, legal or governmental entity, or association.

As used herein, the term "Planning Board" means the Montgomery County Planning Board, which is part of the Commission. The Commission consists of ten members, five appointed by Montgomery County and five by Prince George's County. The members of the Commission from each county serve as separate Planning Boards to facilitate, review and administer the matters affecting their respective counties. The Planning Board is largely responsible for setting land use and protecting parkland resources throughout Montgomery County. More specifically, the Planning Board considers large-scale and small-scale plans for new development, provides guidelines for the pattern and pace of future development, develops and manages Montgomery County's 32,900-acre park system, and recommends to the County Council which sites receive historic designations.

As used herein, and for the limited purposes of this Subpoena, term "Pulte" shall mean Pulte Home Corporation and Shiloh Farm Investments, LLC.

As used herein, and for the limited purposes of this Subpoena, the term "Pulte Property" shall mean the approximately 541 acres of land in the Ten Mile Creek Watershed that is either owned or under contract by Pulte in Clarksburg, Maryland. The Pulte Property consists of the land parcels respectively numbered P900, P222, P600, P270, P290, P150, P072, and P090.

As used herein, the term "Save Ten Mile Creek Coalition" means the collective coalition, and any of its individual member entities, agents, directors, managers, servants, representatives, counsel, employees, investigators, or consultants, acting to affect proposed or planned

development in or around the Ten Mile Creek Watershed. Coalition members include, but are not limited to: the Audubon Naturalist Society Conservation Program of the Central Atlantic States, Clean Water Action, Conservation Montgomery, Inc., Livable Clarksburg Coalition, Inc., Montgomery Countryside Alliance, Inc., Muddy Branch Alliance, Inc., Seneca Watershed Partners, Inc., and/or Seneca Creek Watershed Partners, Inc., Sierra Club Montgomery County Group, Stormwater Partners Network, and Sugarloaf Citizens Association, Inc.

As used herein, the term "Ten Mile Creek Watershed" means the drainage basin that forms a tributary to Little Seneca Reservoir in Montgomery County, Maryland. The Ten Mile Creek Watershed is divided by the I-270 corridor, and land-use of the watershed is governed by the 1994 Clarksburg Master Plan and enacted amendments to the same.

As used herein, "You," "Your," or "Yours" includes the person, business, legal or governmental entity, or association to whom this Subpoena is addressed. Unless otherwise specified, this definition specifically includes your representatives, agents, servants, counsel, employees, investigators, or consultants.

As used herein, the present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

If the requested documents or communications are maintained in a file, the file folder is included in the request for those documents or communications.

**Requests for Production of Documents**

Unless otherwise stated, documents and communications are considered responsive to this Subpoena if they were created, transmitted, or modified on or after **January 1, 2003 to present**. Pursuant to this Subpoena you are required to produce the following:

1. All documents evidencing, referring, or relating to any meetings, votes, decisions, consents, resolutions, or actions taken or not taken by the Commission or the County in connection with (i) evaluating or protecting the Ten Mile Creek Watershed (ii) the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

2. All documents or communications between you and the County, including County Council, concerning any meetings, votes, decisions, consents, resolutions, or actions taken or not taken by the Commission or the County in connection with (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

3. All documents or communications between you and the Commission concerning any meetings, votes, decisions, consents, resolutions, or actions taken or not taken by the Commission or the County in connection with (i) evaluating or protecting the Ten Mile Creek

Watershed, (ii) the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

4. All documents or communications between you and any person (other than the County or Commission) concerning any meetings, votes, decisions, consents, resolutions, or actions taken or not taken by the Commission or the County in connection with (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

5. All documents evidencing, referring, or relating to any position you took and/or work you did with respect to the 1994 Clarksburg Master Plan, and any amendments thereto.

6. All documents or communications between and among you, the Commission and/or the County concerning any position you took and/or work you did with respect to the decision to down-zone the Pulte Property from a residential zoning classification (RE-1/TDR-2) to an agricultural zoning classification (RNC).

7. All documents or communications between you and any person (other than the County or Commission) concerning the decision to down-zone the Pulte Property from a residential zoning classification (RE-1/TDR-2) to an agricultural zoning classification (RNC).

8. All documents evidencing, referring, or relating to any reports, plans, analyses, other evaluations, or drafts of the same prepared by you or on your behalf or direction, or which you reviewed or relied upon, in connection with (i) the 2014 Master Plan Amendment and/or (ii) Pulte's planned development in or around the Ten Mile Creek Watershed.

9. All documents or communications between and among you, the Commission and/or the County concerning any reports, plans, analyses, other evaluations, or drafts of the same prepared by you or on your behalf or direction, or which you reviewed or relied upon, in connection with (i) the 2014 Master Plan Amendment and/or (ii) Pulte's planned development in or around the Ten Mile Creek Watershed.

10. All communications between you and any person (other than the Commission and County) concerning any reports, plans, analyses, other evaluations, or drafts of the same prepared by you or on your behalf or direction, or which you reviewed or relied upon, in connection with (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

11. All documents evidencing, referring, or relating to Environmental Site Design or Impervious Cover Model and their potential, contemplated, or actual use in regard to (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

12. All documents or communications between and among you, the Commission and/or the County evidencing, referring, or relating to Environmental Site Design or Impervious

Cover Model and their potential, contemplated, or actual use in regard to (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

13. All documents and communications evidencing, referring, or relating to any County meeting, public hearing, or work session, including Joint Committee Work Sessions, concerning (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) amendments to the 1994 Clarksburg Master Plan, including without limitation, the 2014 Master Plan Amendment and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

14. All documents and communications evidencing, referring, or relating to any Commission meeting, public hearing, or work session concerning (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) amendments to the 1994 Clarksburg Master Plan, including without limitation, the 2014 Master Plan Amendment, and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

15. All documents or communications between you and any person (other than the County or Commission) concerning any Commission meeting, public hearing, or work session concerning (i) evaluating or protecting the Ten Mile Creek Watershed, (ii) amendments to the 1994 Clarksburg Master Plan, including without limitation, the 2014 Master Plan Amendment, and/or (iii) Pulte's planned development in or around the Ten Mile Creek Watershed.

16. All documents or communications evidencing, referring, or relating to any position you took and/or work you did concerning planned or potential development in or around (i) the Egan Property, and/or (ii) the Miles-Coppola Property, and/or (iii) the Historic District.

17. All documents or communications evidencing, referring, or relating to any County meeting, public hearing, or work session concerning (i) the Clarksburg Sectional Map Amendment, adopted by the County on September 16, 2014, and/or (ii) the Zoning Text Amendment to create the Clarksburg West Environmental Overlay Zone in the County's Zoning Ordinance, adopted by the County on July 15, 2014.

18. All documents evidencing, referring, or relating to any position you took and/or work you did with respect to the 2014 Master Plan Amendment concerning the Ten Mile Creek Watershed, including development of the Pulte Property.

19. All documents or communications between you and the County concerning any position you took and/or work you did with respect to the 2014 Master Plan Amendment concerning the Ten Mile Creek Watershed, including development of the Pulte Property.

20. All documents or communications between you and the Commission concerning any position you took and/or work you did with respect to the 2014 Master Plan Amendment concerning the Ten Mile Creek Watershed, including development of the Pulte Property.

21. All documents or communications between you and any person concerning any position you took and/or work you did with respect to the 2014 Master Plan Amendment concerning the Ten Mile Creek Watershed, including development of the Pulte Property.

22. All documents or communications evidencing, referring, or relating to any research grants, gifts, charitable contributions, or political contributions you have made to any person or entity from 2008 to present.

23. All documents or communications between you and any member of the County Council respecting the 1994 Clarksburg Master Plan, including any potential, contemplated or actual amendments thereto.

24. All documents evidencing, referring, or relating to your document retention policy, practices, and procedures for the period of 2004 to present.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**Pulte Home Corporation, et al.**

Plaintiff

*vs.*

**Case No: 8:14-cv-03955-GJH**

**Montgomery County, Maryland, et al.**

Defendant

## AFFIDAVIT OF SERVICE

I, Vincent Piazza, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Letter dated June 13, 2016 and Subpoena Duces Tecum with Schedule A in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 06/15/2016 at 3:00 PM, I served Sierra Club Montgomery County Group c/o National Registered Agents, Inc. of Md., Registered Agent with the Letter dated June 13, 2016 and Subpoena Duces Tecum with Schedule A at 351 West Camden Street, Baltimore, Maryland 21201 by serving Bonnie Hartman, Corporate Operations Specialist, authorized to accept service.

Bonnie Hartman is described herein as:

Gender: Female Race/Skin: White Age: 55 Weight: 140 Height: 5'6" Hair: Blonde Glasses: No

I do solemnly declare and affirm under penalty of perjury that I have read the foregoing information set forth herein is correct to the best of my knowledge, information, and belief.

6/20/16
Executed On

V. Piazza
Vincent Piazza

Client Ref Number:38368.0075.2
Job #: 1509877

**From:** Aaron Isherwood <aaron.isherwood@sierraclub.org>
**Sent:** Tuesday, June 21, 2016 4:34 PM
**To:** Rouleau, Louis
**Cc:** Rothschild, Alex; Caswell, Mary Beth
**Subject:** Re: Pulte v. Montgomery County (D. Md.): Sierra Club Subpoena

Hi Louis,

Thanks for sending the complaint. As we discussed, service hereby accepted on behalf of Sierra Club.

Best,
Aaron

Aaron Isherwood
Phillip S. Berry Managing Attorney
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
Phone: 415-977-5680
Fax: 510-208-3140

On Tue, Jun 21, 2016 at 12:59 PM, Rouleau, Louis <LRouleau@wcsr.com> wrote:

Aaron-

It was nice talking with you today. Per our conversation and your voicemail message of earlier today, attached please find a document subpoena issued to Sierra Club Montgomery County Group. From our conversation, we now understand the Montgomery Group is not a separate entity from Sierra Club, and that the Sierra Club will accept service of and respond to the subpoena. Kindly confirm same. As we mentioned, we originally served the subpoena upon the registered agent of record, National Registered Agents, Inc. on June 15, 2016. National Registered Agents sent us a letter indicating that the Sierra Club Montgomery County is not listed on its records. Finally, per your request, also attached is a copy of the complaint in the underlying litigation. Please note the case was removed to federal court.

Please feel free to contact me if you have any questions.

Best regards,



Louis J. Rouleau

Womble Carlyle

202-857-4558

---

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.